UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID C. GILMORE, et al.,

    Plaintiffs,

v.                                         CASE NO: 8:08-cv-1400-T-23TGW

THE RESIDENCES AT SANDPEARL
RESORT, LLC,

    Defendant.
_____/

## **ORDER**

The plaintiffs sue (Doc. 6) The Residences at Sandpearl Resort, LLC, ("Sandpearl") for violations of the Interstate Land Sales Full Disclosure Act (the "ILSFDA") and various Florida statutes.  Sandpearl moves (Doc. 11) to dismiss Counts I and VI of the amended complaint and for a more definite statement on Counts II, III, IV, and V.  The plaintiffs respond (Doc. 14) in opposition.

Facts

Sandpearl develops and sells residential condominium units in Clearwater, Florida.  On July 19, 2005, the plaintiffs paid $134,500.00 to an escrow agent as a deposit to reserve a unit in Sandpearl's development.  On July 20, 2005, the plaintiffs executed a "Residential Purchase Agreement" to purchase the unit.  On July, 25, 2005, the defendant executed the purchase agreement.  On November 19, 2005, the plaintiffs paid an additional deposit of $134,500.00 to an escrow agent.

The plaintiffs allege that Sandpearl failed to provide the plaintiffs with the property report required by 15 U.S.C. § 1703 and that their unit purchase is not exempt from the reporting requirement under 15 U.S.C. § 1702(a). The plaintiffs allege that they orally revoked the purchase agreement in April 2007 and that they revoked the purchase agreement in writing on October 17, 2007. On July 21, 2008, the plaintiffs sued Sandpearl to recover the deposits paid into escrow.

### Motion to Dismiss Counts I and VI

Sandpearl moves to dismiss Counts I and VI of the amended complaint. In Count I, the plaintiffs seek return of their deposits pursuant to the ILSFDA. In evaluating the sufficiency of a complaint, the court "must accept the well-pleaded facts as true and resolve them in the light most favorable to the plaintiff." Beck v. Deloitte & Touche, 144 F.3d 732 (11th Cir. 1998) (citing St. Joseph Hospital Inc. v. Hospital Corp. of Am., 795 F.2d 948 (11th Cir. 1986)). Under the notice pleading standard of the Federal Rules of Civil Procedure, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). However, neither a conclusory allegation nor "a legal conclusion couched as a factual allegation" supports the sufficiency of a complaint. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also South Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996).

Sandpearl moves to dismiss Count I of the amended complaint as untimely. Pursuant to 15 U.S.C. § 1703, a seller's failure to provide a property report grants the purchaser the right to revoke the purchase agreement within two years of the plaintiff's

signing the agreement.  Section 1709 of the ILSFDA allows a purchaser to sue a seller to enforce the purchaser's rights under section 1703.  Section 1711 provides a three-year limitation for enforcement of a right created by section 1703.  Under this scheme, a purchaser must revoke the purchase agreement within two years after signing the purchase agreement.  If the seller refuses to honor a valid revocation, the purchaser has a third year (pursuant to § 1711) to sue to enforce the purchaser's right to revoke pursuant to § 1703(c).  Taylor v. Holiday Isle, LLC, 561 F. Supp. 2d 1269,1273-76 (S.D. Ala. 2008); accord Ditthardt v. N. Ocean Condos, L.P., No. 08-60601-CIV, 2008 WL 2741114 (S.D. Fla. July 11, 2008).

The plaintiffs signed the purchase agreement on July 20, 2005.  The plaintiffs allege that they orally revoked the purchase agreement in April 2007, within the limitation provided by section 1703(c).  In October 2007, the plaintiffs revoked the purchase agreement in writing.  The plaintiffs sued (Doc. 1) on July 21, 2008, within the three-year limitation provided by section 1711(b).[1]  However, the defendant argues that the plaintiffs' oral revocation was ineffective because the purchase agreement states:

> Neither this Contract nor any provision of it may be changed, waived, discharged or terminated orally, but only by an instrument in writing signed by the party against whom enforcement of the change, waiver, discharge or termination is sought.

The plaintiffs admit failing to provide written notice of revocation within two years of signing the purchase agreement.  However, the plaintiffs maintain that their oral revocation in April 2007 was effective.

---

[1] Because July 20, 2008, was a Sunday, the plaintiffs sued within the three-year limitation.

- 3 -

No provision of the ILSFDA requires a buyer to revoke a purchase agreement in writing.  In fact, the Department of Housing and Urban Development ("HUD"), which promulgates regulations that implement and clarify the provisions of the ILSFDA, limits a seller's ability to restrict a buyer's revocation rights.  Pursuant to HUD's regulations, a seller must notify a purchaser that the purchaser may "cancel by personal notice, or in writing." 24 C.F.R. § 1710.118(a).  If a purchaser cancels in person or by telephone, the regulations recommend that the purchaser "immediately confirm the cancellation by certified mail." 24 C.F.R. § 1710.118(a).  Additionally, the regulations require a developer to state in bold typeface in the sales agreement:

> If you did not receive a Property Report prepared pursuant to the rules and regulations of the Office of Interstate Land Sales Registration, U.S. Department of Housing and Urban Development, in advance of your signing the contract or agreement, the contract or agreement of sale may be cancelled at your option for two years from the date of signing.

24 C.F.R. § 1710.209(f)(3)(i).  The regulations state that the "revocation provisions may not be limited or qualified in the contract or other document by requiring a specific type of notice or by requiring that notice be given at a specified place." 24 C.F.R. § 1710.209(f)(3)(iii).

Accordingly, Sandpearl may not require written notice of revocation in a land-sales contract covered by the ILSFDA.  Because the plaintiffs allege that they orally revoked the contract within two years of signing the purchase agreement, Count I states a claim for violation of the ILSFDA.  Sandpearl's motion to dismiss Count I is **DENIED**.

Sandpearl also moves to dismiss Count VI of the amended complaint. Count VI seeks a declaratory judgment pursuant to Florida law that the plaintiffs are entitled to a refund of their deposits. In Florida, a complaint for a declaratory judgment must show that:

> there is a bona fide, actual, present, practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interests are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.

May v. Holley, 59 So. 2d 636, 639 (Fla. 1952). Count VI alleges that an escrow agent holds the plaintiffs' deposits, that the plaintiffs demand return of the deposits, and that Sandpearl refuses to direct the escrow agent to return the deposits. The complaint sufficiently alleges "a bona fide, actual, present, practical need" for a declaration of the plaintiffs' rights with respect to the deposits in escrow. Accordingly, Sandpearl's motion to dismiss Count VI is **DENIED**.

### Motion for a More Definite Statement

Pursuant to Rule 12(e), Federal Rules of Civil Procedure, Sandpearl moves for a more definite statement on Counts II, III, IV, and V. A party may move for a more definite statement if the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e), Federal Rules of Civil Procedure; Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Comty. Coll., 77 F.3d 364, 366-67 (11th

Cir. 1996) (noting that a motion for a more definite statement is an appropriate response to a "shotgun pleading"). However, the Federal Rules require only a short, plain statement of each claim. See Rule 8(a), Federal Rules of Civil Procedure.

Counts II through V of the complaint incorporate the factual allegations in the first fourteen paragraphs of the complaint. Each Count contains a "short, plain statement of the claim" and fairly notifies Sandpearl of the basis of the claim. See Rule 8(a), Federal Rules of Civil Procedure. Accordingly, Sandpearl's motion for a more definite statement is **DENIED**. See Betancourt v. Marine Cargo Mgmt., Inc., 930 F. Supp. 606, 608 (S.D. Fla. 1996).

In sum, Sandpearl's motion (Doc. 11) to dismiss and for a more definite statement is **DENIED**. On or before **October 13, 2008**, Sandpearl shall respond to the plaintiffs' complaint.

ORDERED in Tampa, Florida, on September 26, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE